1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| 11 | MARK EDDY; BOBBIE EDDY, | No. 2:18-cv-2267-KJM-EFB PS |
|---|---|---|
| 12 | Plaintiffs, | |
| 13 | v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| 14-18 | FEDERAL HOME LOAN MORTGAGE CORPORATION (As Trustee for Freddie Mac MultiClass Certificates Series 3450); BANK OF AMERICA CORPORATION (As Parent to Bank of America, M.A., as Successor in Interest By Merger with Countrywide Bank, FSB); SERVICE LINK, LLC; MICHAEL M. BAKER, Esq.; Does 1-5, | |
| 19 | Defendants. | |

This case is before the court on defendants Federal Home Loan Mortgage Corporation ("FHLMC"), Bank of America Corporation ("BofA"), and Michael Baker's ("Baker") motions to dismiss plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] ECF Nos. 4 & 11. Also pending is plaintiffs' request to file documents electronically (ECF No. 25) and the court's November 5, 2018 order directing the plaintiffs to show cause why sanctions should not be imposed for their failure to timely respond

---

[1] This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

to defendant Baker's motion to dismiss (ECF No. 22). For the following reasons, the order to show cause is discharged, plaintiffs' request to file documents electronically is denied, and it is recommended that defendants' motions to dismiss be granted.[2]

I. Order to Show Cause

Baker noticed his motion to dismiss for hearing on November 7, 2018. ECF No. 11. In violation of Local Rule 230, plaintiffs failed to timely file either an opposition or statement of non-opposition to that motion. *See* E.D. Cal. L.R. 230(c) (requiring an opposition or statement of non-opposition to be filed not less than 14 days prior to the hearing). Accordingly, the hearing was continued and the plaintiffs were ordered to ordered to show cause why sanctions should not be imposed for their failure to timely file a responsive pleading. ECF No. 22. Plaintiffs were also ordered to file an opposition or statement of non-opposition to the motion. *Id.*

In response, plaintiffs explain that they mailed their opposition to the court on September 28, 2018, but they are not sure why it was not received. ECF No. 24. The docket reflects that the court received plaintiffs' opposition on November 13, 2018, ten days after the order to show cause issued. ECF No. 23. Given that an opposition to Baker's motion has been filed, and in light of plaintiffs' representation, the order to show cause is discharged and no sanctions are imposed.

II. Plaintiffs' Request to File Documents Electronically

Plaintiffs request permission to electronically file documents with the court. ECF No. 25. Local Rule 133 requires pro se parties to file and serve paper documents unless the assigned district judge or magistrate judge grants permission to file electronically. E.D. Cal. L.R. 133(a), (b)(2). Here, plaintiffs have demonstrated an ability to file documents conventionally, and there are no circumstances warranting a deviation from the local rule. Accordingly, the request for permission to file electronically is denied.

/////

---

[2] Because the court determined that oral argument would not materially assist in the resolution of the defendants' motions, they were ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g). ECF No. 30.

III.    Defendants' Motions to Dismiss

    A.    Factual Background

The complaint alleges that in 2003 plaintiffs purchased a home located at 125 Crowley Lake Dr., Mammoth Lake, California. Compl. (ECF No. 1) ¶ 11. In 2008, they decided to refinance their home loan with Countywide Bank FSB based on "assurances that the loan would be a low interest, fixed rate loan." *Id*. ¶ 12. Plaintiffs received a new loan in the amount of $417,000, which was secured by a deed of trust ("DOT"). Defs. FHLMC & BofA's Req. Judicial Notice (ECF No. 5), Ex. A.[3] In 2012, Countrywide assigned its interest in the DOT to BofA. *Id*. at Ex. B. Two years later, plaintiffs received a loan modification from BofA. *Id*. at Ex. C. On January 26, 2016, a Notice of Default was recorded with the Mono County Recorder's Office. *Id*. at Ex. D. The notice indicates that plaintiffs were behind on their payments in the amount of $22,994.34. *Id*. On May 13, 2016, a Notice of Trustee's Sale was recorded. *Id*. at Ex. E. Shortly thereafter, BofA assigned its interest in the deed of trust to defendant FHLMC. *Id*. at Ex. F. A Trustee's Deed Upon Sale reflects that the property was sold on December 22, 2016. *Id*. at Ex. G.

Plaintiffs subsequently filed this action against defendants Baker, FHLMC, BofA, and Service Link, LLC, alleging claims under the Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA"), as well as state law claims for breach of contract, wrongful foreclosure, quiet title, fraudulent concealment, and violation of the Homeowner Bill of Rights ("HBOR").[4] ECF No. 1 at 17-33. The crux of plaintiffs' complaint is that defendants were not authorized to conduct foreclosure proceedings under the DOT for several reasons. They claim that the DOT was never properly executed because a notary was not present at the time they

---

[3] FHLMC and BofA's request for judicial notice of documents recorded with the Mono County Recorder's Office is granted. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotations omitted).

[4] Plaintiffs' TILA, quiet title, and fraudulent concealment claims are asserted against all defendants. Their RESPA and HBOR claims are brought against BofA and FHLMC, and their breach of contract and wrongful foreclosure claims are alleged against BofA, FHLMC, and Service Link.

3

signed it. *Id.* ¶¶ 31-33. They further allege that the assignments of the DOT were invalid because the promissory note had previously been split from the DOT and securitized. *Id.* ¶¶ 39-41. Plaintiffs also claim that the entity that conducted the trustee's sale was not the trustee under the DOT. *Id.* ¶¶ 113-115. Plaintiffs also allege that BofA failed to properly credit their payments, which resulted in the loan being in default. *Id.* ¶¶ 97, 102. Lastly, plaintiffs claim that defendants failed to respond to their request for information and to evaluate them for a loan modification. *Id.* at 27-33.

Defendants Baker, BofA, and FHLMC now move to dismiss plaintiffs' complaint for failure to state a claim under Rule 12(b)(6). ECF Nos. 4 & 11.

B.  Rule 12(b)(6)'s Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

C. Defendant Baker's Motion

Defendant Baker argues that the claims against him are barred by the doctrine of *res judicata*. ECF No. 11-1 at 5-7. Alternatively, he further argues that the complaint fails to sufficiently allege a claim against him. *Id*. at 7-9.

Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). In dealing with the judgment of a state court, federal courts must look to the preclusion rules of the relevant state to determine whether a decision is preclusive. *Miofsky v. Superior Court of California*, 703 F.2d 332, 336 (9th Cir. 1983). In California, *res judicata*, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. *Id*. at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id*. at 253 (internal quotations omitted).

Plaintiffs previously filed a civil action against Baker, FHLMC and BofA in California Superior Court for the County of Mono. Def. Baker's Req. Judicial Notice (ECF No. 11-2), Ex. A.[5] In their state court action, plaintiffs alleged that Baker aided and abetted in the wrongful

---

[5] Defendant Baker's request for judicial notice of state court records and documents recorded with the Mono County Recorder's Office is granted. ECF No. 11-2; *see Mir*, 844 F.2d

foreclosure of their home located at 125 Crowley Lake Dr., Mammoth Lake, California. ECF No. 11-2 at 68. The state court complaint alleged claims for wrongful foreclosure, fraud, "unconscionable contract," breach of fiduciary duty, quiet title, slander of title, and for violations of HBOR, the Consumer Credit Protection Act, RESPA, and the Fair Debt Collection Practices Act. *Id*. at 74-85.

In this action plaintiffs again allege that Baker aided and abetted in the wrongful foreclosure of their home. ECF No. 1 ¶ 5. They also allege claims against Baker for quiet title, fraud, and TILA in relation to the foreclosure of their home. *Id*. at 21-25, 27-29. Thus, in both cases plaintiffs allege to have been injured by the foreclosure of their home. As the injury involved and defendants' alleged wrongful conduct are the same, the same primary right is implicated. Accordingly, under California's primary rights theory, plaintiffs' state and federal "causes of action" are the same.[6] *See Harper v. City of Monterey*, 2012 WL 195040, at *5 (N.D. Cal. Jan. 23, 2012).

Lastly, the state court sustained Baker's demurrer to their complaint without leave to amend. ECF No. 11-2, Ex. H. Thus, the state court action resulted in a final judgment on the merits in Baker's favor. *See Silas v. Argent Mortg. Co.*, LLC, 2017 WL 6055842, at *6 (E.D. Cal. Dec. 7, 2017) ("Under California law, sustaining a general demurrer and dismissing a case with prejudice constitutes a judgment on the merits.").

---

at 649; *Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (taking judicial notice of state court records).

[6] Although plaintiffs did not allege a TILA claim in the state court action, "the doctrine of res judicata applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action." *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986). State and federal courts have concurrent jurisdiction over TILA claims, 15 U.S.C. § 1640(e); *See R.G. Fin'l Corp. v. Vergara–Nunez*, 446 F.3d 178, 184 (1st Cir.2006) (citing § 1640(e)), and that claim (which is predicated on the same primary right) could been litigated in the earlier state court action. Thus, res judicata applies to the TILA claim as well. *See Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees & rest. Employees Union, AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000) ("While [plaintiff] may have added new acts to its federal complaint, the new allegations are insufficient to establish an independent or different primary right than that which the state courts have already addressed.").

6

Plaintiffs argue that *res judicata* should not bar their claims because there was "fraud perpetrated upon the Court to prevent Plaintiffs from prosecuting their claims." ECF No. 23 at 4. Plaintiffs, however, do not explain how Baker (or any of the other defendants) misled the state court or prevented them from prosecuting their case. Instead, they provide only their conclusion that the state court ruling on Baker's demurrer was obtained by fraud, which fails to demonstrate that they were denied the opportunity to present their case. *See Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1175 (1983) ("Fraud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, i.e., it deprived the opposing party of the opportunity to appear and present his case. Therefore, a judgment does not lose its res judicata effect because it was entered while evidence was being suppressed.") (citations omitted).

Plaintiffs also argue that *res judicata* is inapplicable because they voluntarily dismissed the state court action. ECF No. 23 at 2-3. While plaintiffs may have voluntarily dismissed their claims against the other defendants named in the state court action, judicially noticeable documents demonstrate that plaintiffs' claims against Baker were resolved by demurrer.

Accordingly, plaintiffs' claims against Baker are barred by *res judicata*.[7]

### D. Defendants FHLMC and BofA's Motion

#### 1. TILA

Plaintiff alleges that defendants violated TILA by failing to respond to their written request for payoff information and to identify and provide the contact information for the owner of the loan. ECF No. 1 at 27-28; *see* 15 U.S.C. §§ 1639(g) and 1641(f). FHLMC and BofA argue that plaintiffs' TILA claim must be dismissed as untimely. ECF No. 4 at 7.

TILA is intended to protect consumers in credit transactions by requiring "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). A plaintiff's claim for damages relating to improper disclosures under TILA is subject to a one-year statute of limitations, which runs from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). Plaintiffs' complaint does not specify the date plaintiffs submitted their requests for information related to the owner of the loan

---

[7] In light of this finding, the court declines to address Baker's alternative arguments.

7

and the payoff amount. However, plaintiffs do allege that defendants responded to their requests by stating that their loan had been referred to foreclosure. ECF No. 1 at 27-28. Thus, plaintiffs' requests must have been sent prior to December 2016, when their house was sold at the trustee's sale. ECF No. 5, Ex. G. Plaintiffs, however, did not file this action until August 2018, well over a year after foreclosure proceedings concluded.

Furthermore, the complaint fails to allege facts that would permit equitable tolling of the one-year limitation period. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003). To establish excusable delay, a plaintiff must show, *inter alia*, his due diligence until discovery of the operative facts that are the basis of his cause of action. *See Edstrom v. Ndex West. LLC*, 2010 WL 4069482, at *3 (citing *Fed. Elec. Comm'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996)).

The complaint's allegations do not provide any basis for tolling the limitation period. Although plaintiffs argue in their opposition that the limitations period "had been toll[ed]," they fail to provide any explanation to support that conclusion. *See* ECF No. 13 at 17. Accordingly, plaintiffs' TILA claim must be dismissed with leave to amend to allow them to an opportunity to allege a basis for tolling.[8]

---

[8] Plaintiffs' TILA claim is also brought against defendant Service Link, which has not appeared in this action, much less moved for dismissal. ECF No. 1 at 27. Nevertheless, the court finds that *sua sponte* dismissal of plaintiffs' TILA claim against Service Link is appropriate given that plaintiffs' allegations reflect that the claim is untimely. *See Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

8

2. <u>RESPA</u>

Plaintiffs' seventh and eighth causes of action allege that BofA and FHLMC violated RESPA. First, plaintiffs allege that defendants violated RESPA by failing to respond to their Qualified Written Requests ("QWR") seeking the identity and contact information for the owner of the loan as required by 12 U.S.C. § 2605(k)(1)(D). Second, plaintiffs claim that defendants violated RESPA by failing to promptly review their application for loss mitigation. ECF No. 1 at 28-33.

        a. <u>12 U.S.C. § 2605</u>

"Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the home purchasing process." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002). Pursuant to 12 U.S.C. § 2605, loan servers are required to respond to a borrower's QWR for information. If the loan servicer receives a QWR seeking the identity and contact information for the owner of the loan, the servicer must provide a written response within ten business days. 12 U.S.C. § 2605(k)(1)(D). To state a cognizable claim under RESPA, plaintiffs must also allege "actual, cognizable damages *resulting from the Defendants' failure to respond to QWRs.*" *Tamburri v. Suntrust Morg., Inc.*, 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012) (emphasis in original). "Courts have interpreted this requirement to plead pecuniary loss liberally." *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (internal quotation marks omitted). However, "'filing suit generally does not suffice as a harm warranting actual [RESPA] damages' because, if it did, 'every RESPA suit would have a built-in claim for damages.'" *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 2175603, at *4 (N.D. Cal. June 2, 2011) (quoting *Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010)).

Here, plaintiffs allege that over the past several years they have made numerous requests for the identity of the true owner of the loan in an attempt to negotiate a decent loan modification. ECF No. 1 ¶ 49. They claim, however, that BofA failed to provide the address and contact information for the owner of the loan within ten days of receiving requests for such information. *Id.* ¶ 150. They further allege that as a result of the failure to respond to their requests, they

sustained actual damages, including "photocopying costs and postage costs incurred as a result of having to send additional correspondences due to" defendants' failure to respond to their earlier requests. *Id.* ¶ 182. These allegations amount to little more than legal conclusions that BofA failed to comply with §2605(k), which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim). Indeed, plaintiffs do not even specify when they allegedly submitted their requests for information.

Furthermore, plaintiffs' claim for violation of § 2605 is brought against both BofA and FHLMC, but the complaint does not contain any allegations suggesting FHLMC failed to comply with this statute. Nor could they since section 2605 applies only to loan services, and plaintiffs allege that BofA, and not FHLMC, was the servicer for the loan. ECF No. 1 ¶ 180; *see* 12 U.S.C. § 2605(k). Accordingly, plaintiffs' claim under § 2605 against FHLMC fails for this additional reason.

Lastly, plaintiffs also fail to allege sufficient facts showing that they suffered actual damages. Plaintiffs merely allege that their damages included "photocopying costs and postage costs incurred as a result of having to send additional correspondences due to [BofA's] failure to adequately respond to Plaintiffs' requests." But plaintiffs do not specify how these additional costs were incurred as a result of BofA's alleged RESPA violation. *See Panno v. Wells Fargo Bank, N.A.*, 2016 WL 7495834, at *8 (C.D. Cal. Apr. 1, 2016) ("Plaintiff has not specifically detailed how the first set of damages—costs of copying documents, postage fees, loss of work, traveling expenses from his attorney's office, and attorney's fees—specifically resulted from the alleged RESPA violations."); *Givant v. Vitek Real Estate Ind. Group, Inc.*, 2012 WL 5838934, at *4-5 (E.D. Cal. Nov. 15, 2012) (finding that conclusory allegation that the defendant's failure to respond to a QWR resulted in postage expenses is insufficient to establish actual damages under RESPA); *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 2175603, at *4 (N.D. Cal. June 2, 2011) ("Plaintiff cannot claim the costs associated with the follow-up letters as actual damages resulting from the alleged RESPA violation. Plaintiff has

/////

10

failed to allege a causal connection between the alleged RESPA violation and any pecuniary damages.").

b. Loss Mitigation Application

Plaintiffs claim that BofA and FHLMC violated 12 C.F.R. § 1024.41(b) by failing to timely provide notice of receipt of plaintiffs' application for a loan modification and to timely review the application to determine whether it was complete. ECF No. 1 ¶¶ 183-199. 194.

The regulation, 12 C.F.R. § 1024.41 establishes procedures a loan services must follow when it receives a borrower's loss mitigation application. Where a complete loss mitigation application is received at least 37 days before a foreclosure sale, the servicer shall, within 30 days, notify the borrower of the available loss mitigation options, if any, it will offer. 12 C.F.R. 1024.41(c). If the borrower submits an incomplete loss mitigation application at least 45 days before a foreclosure sale, the services is required, within five days of receipt, to notify the borrower of what additional information is needed.[9] 12 C.F.R. § 1024.41(b)(2)(A).

Similar to their other RESPA claim, plaintiffs fail to allege any facts that, if accepted as true, would demonstrate that FHLMC and BofA violated § 1024.41. Instead, they simply recite the requirements imposed by § 1024.41 and conclude that such requirements were not satisfied. *See* ECF No. 1 ¶¶ 183-196. Again, such legal conclusions are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 676. Significantly, plaintiffs do not specify when they submitted their application, nor do they allege that they submitted it more than 37 days before the foreclosure sale. Consequently, they fail to demonstrate that defendants were under any obligation to respond to their request for a loan modification.

Their claim must also be dismissed for failure to sufficiently plead actual damages resulting from the alleged violation of § 1024.41. *See Vethody v. National Default Servicing Corp.*, 2017 WL 3335970, at *3 (N.D. Cal. Aug. 4, 2017) ("As Plaintiffs fail to plead actual damages caused by the RESPA violation, their Section 1024.41(b) claim fails, and the court grants Defendants' motion to dismiss as to this claim."). Plaintiffs merely claim that they "have

---

[9] A servicer is also required to acknowledge receipt of any loss mitigation application within five days of its submission. 12 C.F.R. § 1024.41(b)(2)(B).

been harmed, injured, been made to suffer damages, and will suffer far into the future due to defendants." Again, such conclusory allegations do not suffice. Accordingly, plaintiffs' claim for violation of § 1024.41 must be dismissed.

IV. Supplemental Jurisdiction

Plaintiffs also allege state law claims for breach of contract, wrongful foreclosure, quiet title, fraudulent concealment, and violation of the Homeowner Bill of Rights ("HBOR"). ECF No. 1 at 17-33. But plaintiffs fail to allege a federal claim that could support supplemental jurisdiction over a state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Accordingly, the court should decline to exercise supplement jurisdiction over plaintiffs' state law claims. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7. (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Moreover, the complaint demonstrates that plaintiffs and defendant Service Link are California citizens and therefore diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000).

V. Conclusion

Accordingly, it is hereby ORDERED that:

1. The November 5, 2018 order to show cause (ECF No. 22) is discharged and no sanctions are imposed; and

12

2. Plaintiffs' motion to file documents electronically (ECF No. 24, 25) is denied.

Further, it is hereby RECOMMENDED that:

1. Defendant Baker's motion to dismiss (ECF No. 11) be granted, and plaintiffs' claims against him be dismissed without leave to amend; and

2. Defendant BofA and FHLMCs' motion to dismiss (ECF No. 4) be granted as to plaintiffs' TILA and RESPA claims, and these claims be dismissed with leave to amend;

3. Plaintiffs' TILA claim against defendant Service Link be dismissed with leave to amend;

4. The court decline to exercise supplemental jurisdiction over plaintiffs' state law claims; and

5. Plaintiffs be granted 30 days from any order adopting these findings and recommendations to file an amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE