UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDDY; BOBBIE EDDY,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION (As Trustee for Freddie Mac MultiClass Certificates Series 3450); BANK OF AMERICA CORPORATION (As Parent to Bank of America, M.A., as Successor in Interest By Merger with Countrywide Bank, FSB); SERVICE LINK, LLC; MICHAEL M. BAKER, Esq.; Does 1-5,<br><br>Defendants. | No. 2:18-cv-2267-KJM-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Bank of America Corporation ("Bank of America") filed a motion to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which they noticed for hearing on April 1, 2020. ECF No. 46. Court records reflect that plaintiffs have not filed an opposition or statement of non-opposition to the pending motion.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 18, 2020.

1

Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motions to dismiss (ECF No. 46) is continued to May 6, 2020 at 10:00 a.m., in Courtroom No. 8.

2. Plaintiffs shall show cause, in writing, no later than April 22, 2020, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendant Baker's motion to dismiss.

3. Plaintiffs shall file an opposition to defendants' motion, or a statement of non-opposition thereto, no later than April 22, 2020.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiffs' opposition, if any, on or before April 29, 2020.

DATED: March 27, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2