1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARK EDDY; BOBBIE EDDY,                      No.  2:18-cv-2267-KJM-EFB PS

12                   Plaintiffs,

13           v.                                    ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    FEDERAL HOME LOAN MORTGAGE
      CORPORATION (As Trustee for Freddie
15    Mac MultiClass Certificates Series 3450);
      BANK OF AMERICA CORPORATION
16    (As Parent to Bank of America, M.A., as
      Successor in Interest By Merger with
17    Countrywide Bank, FSB); SERVICE
      LINK, LLC; MICHAEL M. BAKER, Esq.;
18    Does 1-5,

19                   Defendants.

20

21           This case is before the court on defendants Federal Home Loan Mortgage Corporation

22    ("FHLMC") and Bank of America, N.A.'s ("BofA") motion to dismiss plaintiffs' first amended

23    complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule")

24    12(b)(6).[1]  ECF No. 46.  Also pending is the court's March 27, 2020 order directing the plaintiffs

25    to show cause to show cause why sanctions should not be imposed for their failure to timely

26    respond to defendants' motion (ECF No. 47) and plaintiffs' renewed request to file documents

27    _____

28           [1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
      28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

                                                    1

1    electronically (ECF No. 50).  For the following reasons, the order to show cause is discharged,

2    plaintiffs' request to file documents electronically is denied, and it is recommended that

3    defendants' motion to dismiss be granted.

4    I.    Order to Show Cause

5         Defendants noticed their motion for hearing on April 1, 2020.  ECF No. 46.  Plaintiffs

6    failed to timely file either an opposition or statement of non-opposition in the time prescribed by

7    Local Rule 230.  *See* E.D. Cal. L.R. 230(c) (requiring an opposition or statement of non-

8    opposition to be filed not less than 14 days prior to the hearing).  Accordingly, the hearing was

9    continued, and plaintiffs were ordered to ordered to show cause why sanctions should not be

10   imposed for their failure to timely file a responsive pleading.  ECF No. 49.

11        In response, plaintiffs requested a further continuance of the hearing due to, among other

12   things, the current Covid-19 pandemic.  ECF No. 48.  The request was granted, and the hearing

13   was continued.[2]  ECF No. 47.  Plaintiffs subsequently filed an opposition to defendants' motion

14   (ECF No. 52), as well as a response to the court's order to show cause (ECF No. 51).  Plaintiffs

15   explained that they initially failed to file an opposition because they did not receive a copy of

16   defendants' motion.  *Id*. at 2.  Plaintiffs add that once they obtained a copy of the motion from

17   PACER they were able to prepare their response to defendants' motion.  *Id*.

18        In light of plaintiffs' representations, and given that they have since filed their opposition,

19   the order to show cause is discharged without the imposition of sanctions.

20   II.    Plaintiffs' Request to File Documents Electronically

21        Plaintiffs request permission to electronically file documents with the court.  ECF No. 50.

22   As explained below, plaintiffs' amended complaint must be dismissed without leave to amend.

23   Consequently, granting plaintiffs' request at this juncture is unnecessary.  Accordingly, the

24   request is denied as moot.

25   /////

26

27        [2] Thereafter, the court determined that oral argument would not materially assist in the
     resolution of the defendants' motion and it was ordered submitted on the briefs.  *See* E.D. Cal.
28   L.R. 230(g).

1    III.    Defendants' Motions to Dismiss

2            A.    Factual Background

3        Plaintiffs previously purchased a home located at 125 Crowley Lake, Dr., Mammoth

4    Lake, California.  Am. Compl. (ECF No. 45) ¶ 1.  In 2008, plaintiffs refinanced their existing

5    home loan and acquired a new loan, which was secured by a deed of trust ("DOT"), in the amount

6    of $417,000 from Countywide Bank FSB.  Defs. FHLMC & BofA's Req. Judicial Notice (ECF

7    No. 46-2), Ex. A.[3]  In January 2012, Countrywide assigned its interest in the DOT to BofA.  *Id.* at

8    Ex. B.  Two years later, plaintiffs received a loan modification from BofA.  *Id.* at Ex. C.  On

9    January 26, 2016, a Notice of Default—which reflected plaintiffs were behind on their payments

10   in the amount of $22,994.34—was recorded with the Mono County Recorder's Office.  *Id.* at Ex.

11   D.  On May 13, 2016, a Notice of Trustee's Sale was recorded.  *Id.* at Ex. E.  Shortly thereafter,

12   BofA assigned its interest in the deed of trust to defendant FHLMC.  *Id.* at Ex. F.  A Trustee's

13   Deed Upon Sale reflects that the property was sold on December 22, 2016.  *Id.* at Ex. G.

14       The first amended complaint alleges that prior to foreclosure, defendants BofA and

15   FHLMC[4] violated Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act

16   ("RESPA").  Both claims are predicted on plaintiffs' contention that defendants failed to respond

17   to their written requests for information concerning the loan's payoff amount and the identify and

18   contact information for the owner of the loan.  Defendants now move to dismiss the amended

19   complaint for failure to state a claim under Rule 12(b)(6).  ECF No. 46.

20           B.    Rule 12(b)(6)'s Standards

21       A complaint may be dismissed for "failure to state a claim upon which relief may be

22   granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

23   _____

24       [3] FHLMC and BofA's request for judicial notice of documents recorded with the Mono
     County Recorder's Office is granted.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th
25   Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of
     matters of public record outside the pleadings and consider them for purposes of the motion to
26   dismiss.") (internal quotations omitted).

27       [4] Plaintiffs' original complaint also asserted claims against defendant Michael Baker.
     ECF No. 1.  The court previously dismissed the claims against Baker without leave to amend.
28   ECF Nos. 41 & 44.  Accordingly, FHLMC and BofA are the only remaining defendants.

3

1    plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

2    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

3    plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4    defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5    (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

6    requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

7    *Iqbal*, 556 U.S. at 678.

8           Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

9    theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

10   at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

11   claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

12          Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

13   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the Court need not accept as

14   true unreasonable inferences or conclusory legal allegations cast in the form of factual

15   allegations.  See *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining*

16   *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

17          For purposes of dismissal under Rule 12(b)(6), the court generally considers only

18   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

19   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

20   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

21   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

22          C.      Discussion

23                  1.      TILA

24          Plaintiffs allege that defendants violated TILA by failing to respond to their written

25   request for payoff information and to identify and provide the contact information for the owner

26   of the loan.  ECF No. 45 at 10-13; *see* 15 U.S.C. §§ 1639(g) and 1641(f).  Defendants argue that

27   plaintiffs' TILA claim must be dismissed as untimely.  ECF No. 46 at 7.

28   /////

4

As plaintiffs were previously informed, a claim for damages relating to improper disclosures under TILA is subject to a one-year statute of limitations, which runs from the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  Plaintiffs allege that they sent their letter requesting information related to the owner of the loan and the payoff amount on October 31, 2016.  ECF No. 45 ¶¶ 56.  Plaintiffs, however, did not commence this action until August 2018, well after the one-year limitation period expired.

Furthermore, like the earlier complaint, the first amended complaint does not allege facts that would permit equitable tolling of the one-year limitation period.[5]  "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  While the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation.  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003).  To establish excusable delay, a plaintiff must show, *inter alia*, his due diligence until discovery of the operative facts that are the basis of his cause of action.  *See Edstrom v. Ndex West. LLC*, 2010 WL 4069482, at *3 (citing *Fed. Elec. Comm'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996)).

The amended complaint's allegations do not provide any basis for tolling the limitation period, nor does plaintiffs' opposition suggest a basis for tolling.  Accordingly, plaintiffs' TILA claim must be dismissed.  Further, the dismissal should be without leave to amend.  Plaintiffs were previously granted leave to amend their TILA claim specifically to allege a basis for tolling.  *See* ECF No. 41 at 8; ECF No. 44.  Given that they have made no attempt to do so, it appears they are unable to cure this deficiency.  Accordingly, granting leave to amend would be futile.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a

---

[5]  The original complaint's TILA claim was dismissed with leave to amend to provide plaintiffs an opportunity to allege a basis for tolling.  ECF Nos. 41 at & 44.

1  pro se plaintiff to amend, leave to amend should not be granted where it appears amendment

2  would be futile).

3                        2.   <u>RESPA</u>

4         Plaintiffs' remaining cause of action alleges defendants violated RESPA by failing to

5  respond to their Qualified Written Requests ("QWR") seeking the identity and contact

6  information for the owner of the loan, as well as the loan's payoff amount, as required by 12

7  U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(d). ECF No. 45 at 14-15.

8         "Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the

9  home purchasing process." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir.

10 2002). Pursuant to 12 U.S.C. § 2605, loan servers are required to respond to a borrower's QWR

11 for information. If the loan servicer receives a QWR seeking the identity and contact information

12 for the owner of the loan, the servicer must provide a written response within ten business days.

13 12 U.S.C. § 2605(k)(1)(D); *see* 12 C.R.F. § 1024.36(d)(1) (loan servicer must provide "borrower

14 with the requested information and contact information, including a telephone number, for further

15 assistance; or" notify borrower that requested information is not available). To state a cognizable

16 claim under RESPA, plaintiffs must also allege "actual, cognizable damages *resulting from the*

17 *Defendants' failure to respond to QWRs.*" *Tamburri v. Suntrust Morg., Inc.*, 875 F. Supp. 2d

18 1009, 1014 (N.D. Cal. 2012) (emphasis in original). "Courts have interpreted this requirement to

19 plead pecuniary loss liberally." *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097

20 (N.D. Cal. 2009) (internal quotation marks omitted). However, "'filing suit generally does not

21 suffice as a harm warranting actual [RESPA] damages' because, if it did, 'every RESPA suit

22 would have a built-in claim for damages.'" *Soriano v. Countrywide Home Loans, Inc.*, No. 09-

23 CV-02415-LHK, 2011 WL 2175603, at *4 (N.D. Cal. June 2, 2011) (quoting *Lal v. American*

24 *Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010)).

25        Here, plaintiffs allege that they have made numerous requests, including one mailed in

26 October 2016, for the loan's payoff amount and the identity of the true owner of the loan. ECF

27 No. 45 ¶¶ 47, 73, 87. They claim, however, that BofA, as the servicer for FHLMC, failed to

28 provide the payoff amount and the contact information for the owner of the loan within ten days

of receiving requests for such information.  *Id.* ¶¶ 86, 88.  They further allege that as a result of the failure to respond to their requests, they sustained actual damages, including missing work and "being foreclosed upon."  *Id.* ¶ 89.

As an initial matter, plaintiffs' claim for violation of § 2605 is brought against both BofA and FHLMC.  But plaintiffs specifically allege that BofA is the servicer for FHLMC.  *Id.* ¶ 86.  Since section 2605 applies only to loan services, and plaintiffs allege that BofA, and not FHLMC, was the servicer for the loan, their RESPA claim against FHLMC necessarily fails.  *See* 12 U.S.C. § 2605(k).

Furthermore, the first amended complaint fails to allege sufficient facts, if accepted as true, showing they sustained actual damages.  Plaintiffs merely allege that their damages included "missing work" and "being foreclosed upon."  ECF No. 45 ¶ 89.  But they fail to specify how their purported damages were incurred as a result of the alleged RESPA violation.  *See Panno v. Wells Fargo Bank, N.A.*, 2016 WL 7495834, at *8 (C.D. Cal. Apr. 1, 2016) ("Plaintiff has not specifically detailed how the first set of damages—costs of copying documents, postage fees, loss of work, traveling expenses from his attorney's office, and attorney's fees—specifically resulted from the alleged RESPA violations."); *see also Ponds v. Nationstar Mortgage, LLC*, 2016 WL 3360675, at *6 (C.D. Cal. June 3, 2016) ("Generally, sufficiently pled actual damages include the assertion of concrete harms caused by the RESPA violation itself, not harms generally resulting from a plaintiff's default and the foreclosure of his or her home.") (quotations omitted).

Accordingly, plaintiffs' RESPA claim must be dismissed.[6]  Moreover, it appears that granting further leave to amend would be futile.  *See Noll*, 809 F.2d at 1448.  Plaintiffs were previously notified that they must allege actual damages resulting from the alleged RESPA violation.  ECF No. 41 at 10-11.  Like their earlier complaint, the first amended complaint rests on conclusory allegations without any attempt to explain how plaintiffs' alleged harm was caused

---

[6]  In passing, plaintiffs also reference 12 C.F.R. § 1024.35, which requires a servicer to correct certain errors after receiving written notice of the errors from the borrower.  To the extent plaintiffs intended to assert a claim for violation of 12 C.F.R. § 1024.35, their claim fails.  The complaint does not identify any specific error BofA failed to correct, nor does it allege actual damages due to a failure to correct an error.

1    by defendants' violation of RESPA.  Accordingly, plaintiffs' RESPA claim should also be

2    dismissed without leave to amend.

3    IV.    Conclusion

4          Accordingly, it is hereby ORDERED that:

5          1.  The March 27, 2020 order to show cause (ECF No. 47) is discharged and no sanctions

6    are imposed; and

7          2.  Plaintiffs' motion to file documents electronically (ECF No. 50) is denied.

8          Further, it is hereby RECOMMENDED that:

9          1.  Defendants BofA and FHLMC's motion to dismiss (ECF No. 46) be granted;

10         2.  Plaintiffs' first amended complaint (ECF No. 45) be dismissed without leave to amend;

11   and

12         3.  The Clerk be directed to close the case.

13         These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

19   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20   DATED:  September 1, 2020.

21

22                              EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28